IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,

        Plaintiff,               No. 2:12-cv-2240 CKD P

    vs.

JENNINGS, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On October 30, 2012, the court granted plaintiff's motion to proceed in forma pauperis after the court determined that plaintiff had demonstrated that he is unable to afford the filing fee for this action. However, because it has already been determined that plaintiff has "struck out" under 28 U.S.C. § 1915(g), and because plaintiff fails to allege he is under imminent danger of serious physical harm, plaintiff's in forma pauperis status will be revoked.[1]

---

[1] The court did not immediately recognize that plaintiff has "struck out" due in part to the fact that plaintiff indicated on his original complaint that he had filed only four federal lawsuits before this one. A review of court records from this district, and the Northern and Southern Districts of California reveal that plaintiff filed at least 15 lawsuits before this one. Plaintiff has filed nine cases in this court since August of 2010. Eight of those cases are still pending.

1

Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On April 3, 2008 in a case brought by plaintiff in the United States District Court for the Northern District of California, Morris v. Woodford, 3:07-cv-4198 MJJ, the judge determined that plaintiff had "struck out" under § 1915(g) and dismissed the case.[2] Plaintiff appealed the decision. On August 4, 2008, the Ninth Circuit denied plaintiff's request to proceed in forma pauperis on appeal without explanation and ordered plaintiff to pay the filing fee. Plaintiff's appeal was dismissed on September 4, 2008 for failure to pay the filing fee and the mandate with respect to that decision was issued that day as well. Accordingly, the decision that plaintiff had "struck out" under § 1915(g) was final well before this action was filed in 2012.

In determining whether a plaintiff may has made a sufficient allegation of imminent danger of serious physical injury, which would allow a plaintiff who has "struck out" to still proceed in forma pauperis, the court asks whether the plaintiff has made a plausible allegation in his complaint that such danger existed at the time of filing. Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).

/////

/////

---

[2] The court found that plaintiff had two cases dismissed for failure to state a claim upon which relief could be granted and that an appeal filed by plaintiff which had been dismissed was frivolous. The decisions in all three cases were final before plaintiff brought 3:07-cv-4198 MJJ in the Northern District. Plaintiff had a full and fair opportunity to challenge that finding in 3:07-cv-4198 MJJ. In any case, the court has reviewed the cases identified as "strikes" by the Northern District and finds that the determination that those cases do constitute strikes is not inconsistent with current Ninth Circuit authority.

In the complaint pending when petitioner requested leave to proceed in forma pauperis, i.e. plaintiff's original complaint filed August 29, 2012, plaintiff asserts several food handlers at plaintiff's place of incarceration failed to wear hair nets for a period of approximately three years. Plaintiff asserts he saw sweat and hair fall into his food. It is not clear whether plaintiff was unsatisfied with the frequency with which defendants wore hair nets at the time this action was brought and he does not seek injunctive relief. In any respect, plaintiff fails to allege he was under imminent danger of serious physical injury when he brought this action.

Further, the court has reviewed the amended complaint filed October 10, 2012 which the court has not yet screened as required by 28 U.S.C. § 1915A(a). In the amended complaint, plaintiff again complains about unsanitary conditions with respect to food being served to him. Again, plaintiff complains about correctional officers not wearing hair nets. He also claims that while food sat outside his cell on carts or "railings" prior to being delivered to inmates, he saw flies and insects on the food, dirt and dust fall onto food which was blown from "huge blowers" and pieces of stucco which had fallen from the ceiling of the prison. He does not indicate how often this occurred.

The court accepts plaintiff's assertion that he witnessed flies on food outside his cell. The court finds virtually impossible and therefore does not consider any suggestion that plaintiff regularly witnessed from inside of his cell dirt being blown onto his food from "huge blowers,"[3] stucco falling into his food from the ceiling and insects other than flies "feasting," as plaintiff puts it, on his food while it was sitting outside of his cell. The court accepts that these things happened occasionally. When considering the universe of facts alleged which are at least minimally plausible, the facts do not amount to an allegation that plaintiff was under imminent danger of serious physical injury when this action was brought.

/////

---

[3] The court assumes plaintiff means fans used for cooling.

In light of the foregoing, plaintiff's in forma pauperis status will be revoked and plaintiff will be ordered to pay the $350 filing fee for this action within 21 days. Plaintiff's failure to file the filing fee within 21 days will result in a recommendation that this action be dismissed.

Also, plaintiff requests that the undersigned recuse because of the September 25, 2012 order dismissing plaintiff's complaint with leave to amend. Of course, adverse rulings are not an adequate basis for recusal. Kulas v. Flores, 255 F.3d 780, 787 (9th Cir. 2001). Because plaintiff has failed to provide any adequate basis for recusal, see 28 U.S.C. § 455, his request will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's in forma pauperis status is revoked.

2. Plaintiff shall pay the $350 filing fee for this action within 21 days. Failure to pay the filing fee within 21 days will result in a recommendation that this action be dismissed without prejudice.

3. Plaintiff's request that the undersigned recuse is denied.

Dated: December 10, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
morr2240.rifp